UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOAO PONTES, AS THE ADMINISTRATOR, : <br> OF THE ESTATE OF MARIA PONTES, AND : <br> JOAO PONTES, INDIVIDUALLY : <br>     PLAINTIFFS, : <br> : <br> : <br> v. : <br> : <br> MARY ELIZABETH MEYERAND, : <br> EXECUTRIX OF THE ESTATE OF : <br> MARY GRACE MEYERAND : <br> DEFENDANT. : | CIVIL ACTION NO. 3:11cv404(VLB) <br><br> OCTOBER 15, 2012 |

**ORDER ON OBJECTIONS RAISED THE PARTIES' JOINT TRIAL MEMORANDUM**

At the outset, the Parties have failed to comply with this Court's order that all evidentiary objections raised in the Joint Trial Memorandum ("JTM") must be the subject of a Motion in Limine supported by applicable Second Circuit precedent. See [Dkt. #18]. Instead, the Parties have raised form objections which merely state legal conclusions unsupported by any factual predicate or citation to caselaw. The Parties are informed that should they raise additional objections or other motions during the course of this action, such objections or other motions will be summarily denied for failure to submit a memorandum of law or to argue points of fact and law providing the factual and legal predicate supporting the objection or other motion.

    i.    Defendant's Objection to Photographs of Decedent

The Defendant objects to the introduction of more than 20 photographs of the decedent which were appended to the medical examiner's report on the

1

grounds that the prejudicial effect of the photographs will far outweigh their probative value pursuant to Fed. R. Evid. 403.  First, the Court notes that Plaintiff has not identified the relevance of the photos.  Plaintiff has not asserted and this Court can find any material fact in issue in this case which these photographs have a reasonable tendency to prove or disprove.  To the extent they are being offered to prove the pain and suffering of the decedent, the Plaintiff has not listed any witness or other exhibit which would establish a foundation for their admission.  The Plaintiff has not disclosed any expert medical or other testimony nor an expert report necessary to lay a foundation for the relevance of the photographs.  In the absence of any proffered foundational evidence, the photographs depicting multiple bruises and contusions on the decedent's body can only elicit speculation and sympathy upon which a jury may not base a verdict.  The Court also notes that the parties were ordered to file a Joint Trial Memorandum in compliance with its Chambers Practices, disclosing all witness they intended to call with a brief summary of the testimony they were expected to offer along with a list and a binder containing their exhibits. Any objections to proposed exhibits were to be included.  Plaintiff failed to meet the Court's deadline for filing exhibits and later submitted a binder only containing the medical examiner's photos and no medical examiner's report. The Defendant's objection to the introduction of the autopsy photographs is therefore sustained and the Plaintiff is hereby precluded from offering the photographs at trial.

    ii.    Defendant's Objection to Plaintiff's Proposed Wrongful Death Instruction

The Defendant has objected to any instruction regarding lost earnings as Mario Pontes was collecting Social Security disability since 2000 until the time of her death and therefore has no cognizable claim for lost wages. The objection is sustained particularly in view of the fact that Plaintiff has not put forth any evidence of lost wages. Plaintiff has not listed in the JTM, as he was obligated to do, any evidence or testimony regarding lost wages. The Court will therefore not instruct the jury on lost wages.

      iii.      Defendant's Objection to Plaintiff's Proposed on Loss of Consortium Instruction

The Defendant objects to plaintiff's request for a charge on loss of consortium on the basis that the Plaintiff never made a claim for loss of consortium in the complaint. Defendant argues that loss of consortium is a separate cause of action which must be pled within the applicable statute of limitations. The Connecticut Supreme Court has explained that "loss of consortium is a separate cause of action" albeit derivative of the injured spouse's cause of action. *Izzo v. Colonial Penn Ins. Co.*, 203 Conn. 305, 312 (1987). As the Plaintiff has not asserted a loss of consortium claim, which is broader than the emotional distress claim he has made, the Defendant's objection to a loss of consortium charge is sustained.

A number of superior courts have held that an amended pleading asserting a claim for loss of consortium can relate back for purposes of the statute of limitations to the filing of the original complaint in circumstances where the spouse was already a plaintiff and had previously raised claim for injury in the

original complaint from the same events. *Anderson v. Marriot Hotel Servs., Inc.*, No.CV085006399, 2010 WL 2108971, at *9 (Conn. Super. Ct. April 21, 2010). Despite the fact that an amendment would relate back, the Plaintiff may not now amend his complaint to assert a loss of consortium claim if he sought leave to do so. Although Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend the pleadings should be "freely give[n] ... when justice so requires." Fed.R.Civ.P. 15(a)(2). "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir.1993). The Second Circuit has "referred to the prejudice to the opposing party resulting from a proposed amendment as among the 'most important' reasons to deny leave to amend." *AEP Energy Servs. Gas Holding Co. v. Bank of American N.A.,* 626 F.3d 699, 725 (2d Cir.2010) (citation omitted). "Amendment may be prejudicial when, among other things, it would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." *AEP Energy,* 626 F.3d at 725–25 (internal quotation marks and citation omitted). Courts have typically found amendments to be prejudicial in circumstances where discovery has been completed and the case is near or on the eve of trial. *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.,* 760 F.2d 442, 446 (2d Cir.1985) (affirming denial of motion to amend as "especially prejudicial given the fact that discovery had been completed and [the defendant] had already filed a motion for summary judgment"); *see also Krumme v. WestPoint Stevens, Inc.,* 143 F.3d 71, 88 (2d Cir.1998) (same where "case was

4

near resolution and discovery had been completed"); *Juncewicz v. Patton*, No. 01-cv-0519E(SR), 2002 WL 31654957, at *6 (W.D.N.Y. Oct. 8, 2002) (denying leave to amend complaint on "eve of trial" as that would "unduly delay the final disposition of this action").  Although Plaintiff has not moved for leave to amend the complaint, permitting him to do so now would be both prejudicial and cause undue delay.  Amendment of the complaint now would inevitably require the reopening of discovery which has long been closed and further require a continuance of the trial which is just weeks away. Accordingly the objection to the proposed charge is DENIED.

                                              IT IS SO ORDERED.

                                              _____/s/_____
                                              Hon. Vanessa L. Bryant
                                              United States District Judge

Dated at Hartford, Connecticut: October 15, 2012